## BENDER v. COGDELL.
### No. 1211.

Court of Civil Appeals of Texas. Waco.

April 21, 1932.

Rehearing Denied May 19, 1932.

Slay & Simon, of Fort Worth, for appellant.

W. W. Mason, of Mexia, for appellee.

BARCUS, J.

In 1925 appellee leased twenty-five acres of land to the Transcontinental Oil Company on a standard 88-form oil and gas mining lease contract. The oil company agreed to pay all damage caused by it to growing crops on the land, and appellee gave the oil company the right to remove the machinery and fixtures placed thereon by it. Thereafter appellee executed a supplemental contract with the Transcontinental Oil Company, under the terms of which he authorized said company to construct and build bunkhouses and mess halls on the land and gave it a right to drill wells for the production of water. In consideration therefor, the oil company agreed that, when it abandoned the lease, the bunkhouses and mess halls should become the property of appellee, and that it would leave the casing in at least two of the water wells. The Transcontinental Oil Company transferred the lease to the Mid-Kansas Oil & Gas Company. A number of producing wells were drilled on the land, and thereafter, the date not being definitely shown, they ceased production and were abandoned. On June 1, 1931, Mid-Kansas Oil & Gas Company assigned said lease and all of the personal property located thereon belonging to the oil company, to S. Bender, and S. Bender assigned same to appellant, Bennie Bender. Said assignments to S. and Bennie Bender contained the following stipulation: "Second party (Bender) hereby assumes and agrees to perform all of the express and implied obligations of said oil and gas mining leases * * * and agrees to indemnify and save first party free and harmless from any and all claims, demands and/or damages arising or accruing in connection with said oil and gas mining leases, estates, interest and said personal property subsequent to the date of this assignment."

Thereafter appellant started to remove the drilling rigs, pipes, and other material placed thereon by the oil companies, and appellee instituted a suit against S. Bender & Son Iron Company, a corporation, and obtained an injunction restraining the removal of said rigs and material from said land. In order to

have said injunction suit dismissed, appellant executed a bond in the sum of $1,500, payable to appellee, which bond provided that B. Bender (appellant) "shall well and truly pay to the said Douglas B. Cogdell (appellee) any final judgment that he may obtain in said cause, or any suit filed in lieu thereof involving the same subject matter." Thereupon the injunction suit was dismissed, and appellee instituted this suit against appellant, individually, to recover the value of two bunkhouses that had been built on said leased premises by the oil company, which he alleged Bender had removed, and the value of an upland water tank which appellee alleged appellant had destroyed by permitting same to become filled with salt water and oil, and the value of a fence which appellee alleged he placed around the land and which he alleged appellant had destroyed, and the damage which he alleged Bender had occasioned by scattering iron bolts, wire, and other materials over the lease in removing the derricks and material from said land. The cause was tried to the court, and resulted in judgment being entered for appellee for the damages claimed.

Appellant has a large number of assignments of error with propositions thereunder. As we view the case, it is not necessary for us to discuss same in detail.

■ Appellant contends that in no event is he liable for the damages occasioned by his predecessors in title. He further contends that, since the undisputed testimony shows that a large portion of the damage for which the trial court entered judgment against him was done by his predecessors in title, same is without support in the evidence. We sustain these contentions. The undisputed evidence shows that the mess halls had been removed from the premises; that the fence had been destroyed and the tank filled with oil and salt water long prior to the time appellant purchased the lease or had any interest therein. Under the assignment as taken by appellant, Bender, he only agreed to perform the express and implied obligations as contained in the original oil and gas lease and to hold the oil company harmless from any and all claims or damages arising or accruing subsequent to the date he purchased same. Clearly under this contract appellant could not be held liable for the damage occasioned by the oil companies in removing the bunkhouses or for the destruction of the fence or water tank. Appellant did not agree to pay for all of the damage the oil companies had done. While the contract made by appellee with the oil companies did provide that they would leave the bunkhouses on the place when they abandoned same, appellant was under no obligation to see that they did so, neither did he obligate himself to pay for the buildings that had been removed. If the oil companies, in violation of their contract and agreement, did remove the bunkhouses, appellee has his cause of action against them or against any person who did remove same. There is nothing in the contract as made by appellant that would in any way bind or obligate him to pay for any damage done by the oil companies or any one else prior to the time he purchased the lease and material on said ground.

■ Appellee contends that appellant is liable for said damage under the bond which he gave in order to get the injunction suit against the S. Bender & Son Iron Company dismissed. We think appellee has misconstrued said bond. Under its most liberal construction, the only thing appellant agrees to do is to pay whatever judgment appellee may recover for the items claimed and set out in his petition. Appellant, of course, is liable for any unnecessary damage he may have caused appellee or injury he may have done the land in removing the derricks and material from said land. Under appellee's own testimony, appellant had nothing to do with removing the bunkhouses and mess halls and destroying the fence and wells, and the trial court was therefore in error in rendering judgment against him for any of said items.

The judgment of the trial court is reversed, and the cause remanded.